**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1928
_____

UNITED STATES OF AMERICA

v.

CALIPH BARR,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-14-cr-00592-001)
District Judge: Honorable Kevin McNulty
_____

Argued: January 13, 2020

Before: HARDIMAN, PORTER, and PHIPPS,
*Circuit Judges*.

(Filed:  July 12, 2021)
_____

Carol Gillen **[Argued]**
K. Anthony Thomas
Office of the Federal Public Defender
1002 Broad Street
Newark, NJ 07102

*Counsel for Appellant Caliph Barr*

Mark E. Coyne
Steven G. Sanders **[Argued]**
Office of the United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102

*Counsel for Appellee United States of America*

_____

OPINION[*]
_____

PORTER, *Circuit Judge.*

In 2015, a jury convicted Caliph Barr for possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Under our precedent at that time, to obtain a felon-in-possession conviction the government had to prove that Barr knowingly possessed a firearm, but it did not have to prove that Barr knew he was a felon when he had the firearm.

In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court held that in prosecutions under §§ 922(g) and 924(a)(2), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Citing *Rehaif*, Barr now argues that his 2015 conviction was undermined by two errors: (1) the government did not adduce sufficient evidence to prove that he knew he was a felon on the night that he was caught with a gun, and (2) the District Court did not instruct the jury that the

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

government had to prove that Barr knew he belonged to the relevant category of persons (i.e., felons) prohibited from possessing a gun.

Aside from the *Rehaif* issues, Barr argues that the government's evidence could not sustain the jury's guilty verdict. Finally, he asserts that the District Court abused its discretion by denying his motion for a mistrial based on alleged prosecutorial misconduct.

Barr's arguments are unavailing, so we will affirm his conviction and the District Court's orders.

I

A

Around midnight on June 2, 2014, Detective Trevor Forde and other police officers approached a group of men standing at a street corner. Barr began to run away, holding his pants by the waistband. Forde pursued Barr on foot. Barr pulled a gun from his waist, and Forde ordered him to drop it. Barr dropped the gun in the yard where he was standing, then ran down an adjacent alley. Forde stayed with the discarded gun while other officers pursued and caught Barr. When questioned, Barr gave the police a fake name because he possessed marijuana and had an outstanding warrant for violating parole.

B

Barr was charged with a single count of possessing a firearm as a felon. He pleaded not guilty and proceeded to trial. At trial, Barr stipulated that he had a prior felony conviction. During Forde's testimony, the government introduced printed photos

of the yard on the night of Barr's arrest. Barr objected to the photos because he believed they were brighter than the digital images he received on a disk during discovery and printed for trial. The parties agreed to introduce both sets of printed photos.[1] The next day, the government conceded that its printed photos were autocorrected to make the details more visible. Barr moved for a mistrial. After reviewing the photos, the District Court denied Barr's motion, required the parties to rely only on the discovery disk versions of the photos (displayed on monitors), and instructed the jury that the photos did not represent the lighting conditions on the night of the arrest.

Testifying in his own defense, Barr claimed the gun was not his and suggested that it was likely in the yard before he and Forde arrived. The jury convicted Barr. He timely appealed.

In Barr's opening brief, he raised two points: (1) the evidence adduced at trial could not sustain the jury's verdict; and (2) the District Court erred when it denied Barr's motion for a mistrial based on the autocorrected photographs.

After the Supreme Court decided *Rehaif*, Barr filed a supplemental brief. First, Barr argued that even if the government proved that he possessed a gun, its evidence was insufficient to prove beyond a reasonable doubt that Barr knew he was a felon when he was apprehended with the gun. Second, Barr argued that the District Court's jury charge was erroneous under *Rehaif* because it failed to instruct the jury about the knowing-status

---

[1] Barr did not include the photographs in the appellate record. *Cf.* 3d Cir. L.A.R. 30.3(a) (requiring a party to include "[r]elevant portions of [the] . . . exhibit[s] . . . referred to in the briefs . . . as may be necessary to preserve context").

element of the offense. Because of these errors, Barr asserts that he was convicted without due process of law.

We will address the *Rehaif* issues raised in Barr's supplemental brief and then consider his original arguments.

## II[2]

The District Court did not instruct the jury about the knowing-status element of the felon-in-possession offense, and Barr's trial counsel did not object to the instruction. That is understandable because before *Rehaif* this Court did not require such an instruction. *See United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012) (requiring a knowing *mens rea* for only the possession element). Because Barr did not preserve the error, we review for plain error. *See Johnson v. United States*, 520 U.S. 461, 466–67 (1997).

Under Rule 52(b) of the Federal Rules of Criminal Procedure, "before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). If all three conditions are met, we may exercise our discretion to correct a "particularly egregious" error, *United States v. Frady*, 456 U.S. 152, 163 (1982), that (4) "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," *Olano*, 507 U.S. at 732 (alteration in original) (internal quotation marks omitted) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

---

[2] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

5

After *Rehaif*, the first two plain-error conditions are easily met. *See Johnson*, 520 U.S. at 468 ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal—it is enough that an error be 'plain' at the time of appellate consideration."). But to obtain reversal of his conviction, Barr must also show that the error affected his substantial rights. That he has not done.

The Supreme Court recently explained how courts should assess whether a *Rehaif* instructional error affected a defendant's substantial rights. "[A defendant] has the burden of showing that, if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).[3] Because felons typically know they are felons, a defendant "faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon." *Id.* The Supreme Court acknowledged that "there may be cases in which a defendant who is a felon can make an adequate showing on appeal that he would have

---

[3] *Greer* abrogates our decision in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc), *petition for cert. filed*, No. 20-1522 (Apr. 30, 2021), to the extent it granted plain-error relief. As relevant here, we may no longer follow *Nasir*'s holding that, where a jury was not presented with evidence that a defendant knew he was a felon at the time of possession, "it is at least reasonably probable, if not certain, that the jury would not have found there was proof beyond a reasonable doubt of the knowledge-of-status element, if it had known it was required to consider that element." *Id.* at 171. Rather, a defendant's stipulation to a felony conviction will ordinarily prevent him from showing a reasonable probability that he would have been acquitted if the jury had been properly instructed. *See Greer*, 141 S. Ct. at 2097 ("[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon.").

presented evidence in the district court that he did not in fact know he was a felon when he possessed firearms." *Id.* But where "a defendant does not make such an argument or representation on appeal," we "have no reason to believe that the defendant would have presented such evidence to a jury, and thus no basis to conclude that there is a 'reasonable probability' that the outcome would have been different absent the *Rehaif* error." *Id.*

So it is here. Barr stipulated before trial that he was a felon as of June 2, 2014. And as the government correctly points out in a letter submitted under Federal Rule of Appellate Procedure 28(j), Barr has "never argued that he would have plausibly contested the knowledge-of-status element." ECF No. 116. Barr thus "cannot show that, but for the *Rehaif* error in the jury instructions, there is a reasonable probability that [the] jury would have acquitted him." *Greer*, 141 S. Ct. at 2098. Because the error that occurred in this case did not affect Barr's substantial rights, we may not correct it under Rule 52(b).

### III

Barr argues that insufficient evidence supported the jury's verdict that he knowingly possessed a firearm. When a defendant moves for judgment of acquittal based on insufficiency of the evidence, we review de novo the District Court's denial of the motion and apply the same legal standard used by the District Court. *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424 (3d Cir. 2013) (en banc). So we ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 424–25 (internal quotation marks omitted) (quoting *Jackson v. Virginia*, 443 U.S.

307, 318–19 (1979)). Under this standard, the evidence at trial was sufficient for a rational juror to find beyond a reasonable doubt that Barr knew he possessed a firearm.

First, Forde testified that he saw Barr pull the gun from his waistband and drop it. A single eyewitness's testimony alone can be sufficient evidence. *See United States v. Trant*, 924 F.3d 83, 93 (3d Cir. 2019) ("[W]e have never required that a firearm conviction be supported by the testimony of at least two witnesses."). A rational trier of fact could "readily conclude" from Forde's direct eyewitness testimony that Barr actually possessed a firearm. *See United States v. Walker*, 657 F.3d 160, 172 (3d Cir. 2011).

Second, Detectives Forde and DeLauri testified that Barr held his pants by the waistband as he ran. Based on his training and experience, Detective DeLauri testified that this likely meant that Barr possessed a gun. Detectives Forde and DeLauri also testified that police recovered the gun in the yard where Barr dropped it, right next to one of Barr's shoes and his cell phone. Then, once arrested, Barr gave the police a fake name, which may be evidence of his "consciousness of guilt." *United States v. Kemp*, 500 F.3d 257, 296–97 (3d Cir. 2007) (noting that false exculpatory statements are admissible evidence of consciousness of guilt). Viewing all this evidence in the light most favorable to the government, a rational trier of fact could find beyond a reasonable doubt that Barr possessed a firearm.

IV

Finally, Barr asserts that the District Court abused its discretion by denying his motion for a mistrial based on the government's introduction of autocorrected photographs. We disagree.

8

A district court abuses its discretion if its decision is "arbitrary, fanciful, or clearly unreasonable—in short, where no reasonable person would adopt the district court's view." *United States v. Foster*, 891 F.3d 93, 107 n.11 (3d Cir. 2018) (internal quotation marks omitted) (quoting *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010)). Here, to find that the District Court abused its discretion "we must first be convinced that the prosecution" committed misconduct. *United States v. Rivas*, 493 F.3d 131, 139 (3d Cir. 2007).

Both parties agree that the government introduced autocorrected photographs during Barr's trial. The District Court compared the government's photos, the defense's photos, and the original discovery disk photos. The District Court found that the government's photos "diverge[d] in minor ways" from the disk photos but did not "differ in terms of content" or "in terms of visible detail in any important way." App. 273.[4] The District Court did not find "any vast or prejudicial discrepancy between" the government's photos and the disk photos. App. 279. Nevertheless, the District Court appropriately cautioned the jury about what the printed photos showed (physical layout) and did not show (lighting conditions).

Based on the minor differences between the photographs and the District Court's careful attention to the matter, we are not persuaded by Barr's argument that the

---

[4] The District Court, however, found that Barr's printouts "diverge[d] a lot more from what [the Court] saw on the screen" because Barr's printed photos were "very, very dark." App. 273.

9

prosecution committed misconduct. The District Court did not abuse its discretion by denying Barr's motion for a mistrial.

*    *    *

We may not cure the *Rehaif* error that occurred during Barr's trial because Barr has not shown that the error affected his substantial rights. In addition, the District Court neither erred by denying Barr's motion for acquittal based on the sufficiency of the evidence nor abused its discretion by denying Barr's motion for a mistrial based on the government's admitted photographs. We will affirm Barr's conviction and the District Court's orders.[5]

---

[5] The government's motion for judicial notice is denied as moot.